By thb Court:
From the facts found by the circuit court it appears that upon the receipt of beer by plaintiff, it was put from the cars into the cooler, where it remained until delivered by the driver of the beer wagon to customers, but no beer was sold at said cooler. It thus appears, that beer was neither bought nor sold at the cooler, but that all the business of buying and selling wTas done at the saloon, and that the cooler was a mere place of storage, and not a place of business, and that no traffic whatever was carried on at the cooler. No buying; no selling.
From these facts so found, the court finds as a conclusion of law, that the plaintiff was carrying on his business at “two different places, to-wit:—at his said saloon as one place, and at his said cooler as the other place.”
It is difficult of comprehension how the business of trafficking in an article can be said to be carried on at a place where such article is neither bought, sold nor bartered.
*444 The traffic contemplated by the statute consists in the purchase and sale or barter of the liquors named therein, and thz place of the traffic is the place where such purchase sale or barter is had, and not the place where the liquors are stored for cooling or safe-keeping.
The sales of beer made by the driver of the beer wagon, must be referred to the place where his employer carried on the traffic, and not to the place of storage.
The conclusion of law is not warranted by the facts found, and in such case the facts must control. It is, therefore, clear that the circuit court erred in its conclusions of law, and that its judgments should be reversed, and judgment should be rendered for plaintiff in each case, as prayed for, with costs.

Judgment accordingly.